1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARTHA T. OROZCO,

11             Plaintiff,                    CIV S-11-1836 GGH PS

12        vs.

13   MICHAEL S. ASTRUE,                      ORDER
     Commissioner of Social
14   Security,

15
               Defendant.
16   _____/

17             Defendant seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6), as

18   untimely filed.  Plaintiff has filed an opposition, to which defendant has filed a reply.  Having reviewed

19   the papers without oral argument, the court now issues the following decision.

20   PROCEDURAL BACKGROUND

21             Plaintiff filed an appeal of an ALJ's adverse decision which was issued on March 9, 2010.

22   (Weigel Decl., Ex. 1.)  On February 5, 2011, the Appeals Council issued its decision denying review.

23   (Id., Ex. 2.)  This decision, notifying plaintiff of her right to file a civil action within sixty days after

24   she received the notice, that the clock started to run the day after she received the notice, and that she

25   could request an extension of time to file her complaint, was mailed to plaintiff at her address of

26   record.  (Id.)  Plaintiff did not file a request for extension of time.  (Weigel Decl., ¶ (3)(b).)  Plaintiff

1

1  filed this action on July 13, 2011.

2  DISCUSSION

3    I. LEGAL STANDARD FOR MOTION TO DISMISS

4         In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

5  complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must

6  contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell

7  Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain

8  something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable

9  right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

10  236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

11  claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949

12  (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the

13  plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

14  is liable for the misconduct alleged."  Id.

15         In considering a motion to dismiss, the court must accept as true the allegations of the

16  complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848,

17  1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and

18  resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843,

19  1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general

20  allegations embrace those specific facts that are necessary to support the claim.'"  National

21  Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting

22  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se

23  pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404

24  U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

25         The court may consider facts established by exhibits attached to the complaint.  Durning v.

26  First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may

2

1  be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and

2  matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v.</u>

3  <u>South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal

4  conclusions "cast in the form of factual allegations."  <u>Western Mining Council v. Watt</u>, 643 F.2d 618,

5  624 (9th Cir. 1981).

6        A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

7  to amend, unless the complaint's deficiencies could not be cured by amendment.  <u>See</u> <u>Noll v. Carlson</u>,

8  809 F. 2d 1446, 1448 (9th Cir. 1987).

9     II.  <u>ANALYSIS</u>

10        The Social Security Act provides for judicial review of final decisions of the

11  Commissioner of Social Security.  42. U.S.C. § 405(g).  Section 405(g) provides that review of a final

12  decision may be obtained by filing a civil action within sixty days after the notice of such decision is

13  mailed to the party, or within further time as permitted by the Commissioner.  20 C.F.R. § 422.210(c)

14  states in part that a civil action "must be instituted within 60 days after the Appeals Council's notice of

15  denial of request for review of the administrative law judge's decision or notice of the decision by the

16  Appeals Council is received by the individual ...."  This regulation further provides, "the date of receipt

17  of notice of denial of request for review of the administrative law judge's decision or notice of the

18  decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless

19  there is a reasonable showing to the contrary."  <u>Id.</u>; <u>McCall v. Bowen</u>, 832 F.2d 862 (5th Cir.1987).

20  If plaintiff successfully rebuts the presumption of presumed receipt, the burden is then placed upon the

21  Secretary to establish that plaintiff received actual notice.  <u>Fenneken v. Commissioner</u>, 2011 WL

22  4558308, *3 (Sep. 30, 2011) (quoting <u>Matsibekker v. Heckler</u>, 738 F.2d 79, 81 (2d Cir. 1984).

23        The time limit for filing is not "jurisdictional."  Rather, the limit "constitutes a statute of

24  limitations."  <u>Bowen v. City of New York</u>, 476 U.S. 467, 478, 106 S. Ct. 2022, 2029 (1986); <u>Vernon v.</u>

25  <u>Heckler</u>, 811 F.2d 1274, 1277 (9th Cir. 1987).  However, the time limitation is a condition precedent to

26  the waiver of sovereign immunity, and as such, must be strictly construed.  <u>Bowen</u>, 476 U.S. at 479,

1   106 S. Ct. at 2029.  There are two exceptions to the time limitation.  First, § 405 provides that the

2   Commissioner may allow a claimant additional time to file a civil action contesting a decision.  42

3   U.S.C. § 405(g).  Plaintiff does not contend that the Secretary has granted her such an extension.

4   Second, the limitation can be tolled by traditional equitable tolling or estoppel principles, such as when

5   the cause of action is based on duress or undue influence or when the defendant fraudulently conceals

6   the cause of action, affirmatively misleads plaintiff, or engages in misconduct or deception.  Bowen,

7   476 U.S. at 479; Vernon, 811 F.2d at 1277-78.  Plaintiff does not argue the doctrines of estoppel or

8   equitable tolling apply.

9         The letter informing plaintiff of the Appeals Council decision in this case is dated February

10  5, 2011.  (Weigel Decl., Ex. 2.)  According to the Weigel declaration, the decision was mailed to

11  plaintiff on this date.  (Id., ¶ (3)(a)).  There is no indication that the letter was sent by certified or

12  otherwise registered mail.[1]  Allowing 65 days from its date, the Commissioner presumptively allowed

13  until April 11, 2011, for filing a complaint.  Under this time frame, the July 13, 2011, filing of the

14  instant action is presumptively untimely, because it was over three months late.

15        Plaintiff argues that the presumption of receipt within five days has been rebutted in this

16  case because she did not receive the letter until May 17, 2011, when she visited a field office.  Plaintiff

17  has not provided the court with an affidavit; however, her opposition states that she initially went to the

18  SSA office on May 13, 2011 to obtain an update on her case.  She states she was told on that date that

19  "they didn't have any more information."  (Opp. at 2.)  She returned to the office on May 17, 2011, and

20  states she was told: "the reason they didn't find any further[] information was because I was sent a

21  letter that I do not remember rec[ei]ving or sig[]ning any certified letter so I asked for a copy."[2]  [Sic].

22

23      [1]  Certified mail is not required under the regulations.  See 20 C.F.R. § 404.979 ("[a] copy of the
    Appeals Council's decision will be mailed to the parties at their last known address").  Since certified

24  mail requires return of a receipt, quaere why the Secretary would not want to use such a process to keep
    track of whether its mailings are received.

25      [2]  The complaint, filed July 13, 2011, describes the events slightly differently:

26        On May 13, 2011 I went to the Social Security office to get an insight on what

1   It was on this date that plaintiff asserts she received the Appeals Council's notice.

2        Many courts hold that an affidavit by plaintiff indicating she did not receive notice is not

3   adequate to rebut the statutory presumption.  See McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987);

4   Pettway v. Barnhart, 233 F.Supp.2d 1354, 1356, n. 3(S.D. Ala. 2002) (collecting cases); Rouse v.

5   Harris, 482 F.Supp. 766, 768-69 (D.C.N.J. 1980) (defendant was able to produce receipt of notice

6   reflecting plaintiff's mother's signature for receipt of notice letter); Leslie v. Bowen, 695 F.Supp. 504

7   (D. Kan. 1988).  But see Vine v. Bowen, 1988 WL 35595 at *1 (N.D. Ill. 1988) (plaintiff may rebut

8   presumption and thereby create factual dispute as to actual receipt of notice by sworn affidavit denying

9   receipt).

10       A second hurdle for plaintiff is authority holding that a complaint which is filed only one

11  day late may result in dismissal.  See Wiss v. Weinberger, 415 F.Supp. 293, 294 (E.D. Pa. 1976) (one

12  day delay in filing complaint is fatal); Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007)

13  (one day late resulted in dismissal of complaint).

14       Other cases nonetheless have found special circumstances to support equitable tolling.  See

15  Middleton v. Astrue, 2010 WL 3911496, *3 (N.D. Cal. Oct. 1, 2010) (once plaintiff obtained counsel,

16  she could not complain that she lacked means of knowledge of her rights and law's requirements)

17  (citing Leornia v. United States Dept. of State, 105 F.3d 548, 551 (9th Cir. 1997)); Coleman v. Astrue,

18  2010 WL 2606241, *3 (E.D. Cal. Jun. 28, 2010) (considering mental diagnoses in conjunction with

19  equitable tolling).

20       The briefing submitted and the law set forth herein indicate that facts outside the complaint

21  are essential to the determination of this motion.

22

23       was going on due to the fact that I was not rec[ei]ving any updates ther[e] a
    lady told me that the Appeals Cou[ncil] sent me a letter that I never rec[ei]ved,
24       until I asked for a copy  On May 17 2011, they reffered me to the United States
    District Court.
25

26  (Compl. at 1.)  The complaint is ambiguous in failing to state when plaintiff received a copy of the
    notice, May 13 or May 17, 2011.

5

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir.1996). Courts may also "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453–54 (9th Cir.1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir.2002). If a court converts a motion to dismiss into a motion for summary judgment, the court must give the parties notice and a reasonable opportunity to supplement the record. Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1408 (9th Cir.1995).

Kyne v. Ritz-Carlton Hotel Co., L.L.C., ___ F.Supp.2d ___, 2011 WL 6030117, *2 (D. Hawaii Dec. 2, 2011).

Here, the parties' reliance on matters that do not appear on the face of the complaint renders this motion inappropriate under Rule 12(b)(6). Matters outside the pleadings are essential to the determination of whether plaintiff is barred by the statute of limitations. The defects proffered by the Commissioner are not apparent from the face of the complaint. In the statute of limitations context, resolution by dismissal is only appropriate if the complaint clearly indicates that the claim is time barred. Harris v. City of New York, 186 F.3d 243, 250 (2nd Cir. 1999). If not, this defense may be raised on a motion for summary judgment. Id.; Baldain v. American Home Mortg. Servicing, Inc., 2010 WL 56143, *5 (E.D. Cal. 2010). Therefore, this motion to dismiss will be converted to a summary judgment motion.

This order therefore provides the parties with notice of the conversion, and an opportunity to supplement the record with evidence. Plaintiff is informed that she must submit admissible evidence to support her position, including a declaration under penalty of perjury which sets forth the facts supporting her lack of notice of the Appeals Council's decision, and the date she claims she was finally given notice. Plaintiff may present any other evidence relevant to equitable tolling, including sworn declarations. The Commissioner may also submit further evidence to support his position. For plaintiff's information, the summary judgment standards are set forth here.

III.  SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

always bears the initial responsibility of informing the district court of the basis
for its motion, and identifying those portions of "the pleadings, depositions,
answers to interrogatories, and admissions on file, together with the affidavits,
if any," which it believes demonstrate the absence of a genuine issue of
material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must

1   demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit

2   under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505,

3   2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

4   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a

5   verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir.

6   1987).

7          In the endeavor to establish the existence of a factual dispute, the opposing party need not

8   establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

9   dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

10  trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the

11  pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita,

12  475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

13  amendments).

14         In resolving the summary judgment motion, the court examines the pleadings, depositions,

15  answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P.

16  56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All

17  reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor

18  of the opposing party.  See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.  Nevertheless, inferences

19  are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate

20  from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224,

21  1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine

22  issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to

23  the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find

24  for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct.

25  at 1356 (citation omitted).

26  \\\\\

1    CONCLUSION

2            Accordingly, IT IS ORDERED that:

3            1.  Defendant's motion to dismiss, filed January 18, 2012, is converted to a summary

4    judgment motion.

5            2.  Defendant may file further evidence in support of his motion within fourteen (14 ) days

6    of this order.

7            3.  Plaintiff shall file evidence to support her opposition within twenty-eight (28) days of

8    this order.

9    Dated: April 2, 2012

10                                     /s/ Gregory G. Hollows
                             UNITED STATES MAGISTRATE JUDGE

11   GGH:076/Orozco1836.brf.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26