1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTHA T. OROZCO,

       Plaintiff,                  No. 2:11-cv-1836 GGH PS

   vs.

MICHAEL S. ASTRUE,           ORDER; FINDINGS AND RECOMMENDATIONS
Commissioner of Social
Security,

       Defendant.
_____/

16         Pending before the court is defendant's motion for summary judgment, filed January 18,

17  2012, which had been converted from a motion to dismiss by order of April 2, 2012.  That order

18  directed plaintiff to file evidence in support of her opposition, and permitted defendant to file further

19  evidence.  Having now reviewed the motion, opposition, replies, and evidence submitted by plaintiff

20  on April 30, 2012, the court issues the following Order; Findings and Recommendations.

21  PROCEDURAL BACKGROUND

22         Plaintiff filed an appeal of an ALJ's adverse decision which was issued on March 9, 2010.

23  (Weigel Decl., Ex. 1.)  On February 5, 2011, the Appeals Council issued its decision denying review.

24  (Id., Ex. 2.)  This decision, notifying plaintiff of her right to file a civil action within sixty days after

25  she received the notice, that the clock started to run the day after she received the notice, and that she

26  could request an extension of time to file her complaint, was mailed to plaintiff at her address of

1  record.  (Id.)  Plaintiff did not file a request for extension of time.  (Weigel Decl., ¶ (3)(b).)  Plaintiff

2  filed this action on July 13, 2011.

3          Upon review of defendant's motion to dismiss the complaint as untimely filed, the

4  undersigned found that pursuant to the briefing submitted at that time and pertinent legal authority,

5  facts outside the complaint were essential to the determination of whether plaintiff is barred by the

6  statute of limitations.  The court directed plaintiff to submit admissible evidence in support of her

7  position that she did not receive notice of the Appeals Council's decision, when she finally received

8  notice, and any other evidence relevant to equitable tolling.  Plaintiff was informed that such evidence

9  must be in the form of declaration(s) under penalty of perjury.  Plaintiff was also provided the legal

10  standards for summary judgment.  Plaintiff submitted a filing on April 30, 2012.  Defendant has elected

11  not to supplement his original briefing.

12  DISCUSSION

13      I.  SUMMARY JUDGMENT STANDARDS UNDER RULE 56

14          In the court's April 2, 2012 order, the motion to dismiss made pursuant to Fed. R. Civ. P.

15  12(b)(6)[1] was converted into one for summary judgment because the court needed to access facts

16  outside the record.  The issue of whether the non-jurisdictional statute of limitations for filing in

17  district court of a review of a Social Security final decision is adjudicated under an ordinary summary

18  judgment "material factual issue" standard, or one akin to a Rule 12(b)(1) weighing standard is unclear.

19  If the timeliness issue is truly non-jurisdictional, the ordinary summary judgment standard would be

20  used.  However, such a standard would conflict with a summary judgment review of the merits of an

21  administrative decision which is based upon substantial evidence, not on a material factual issue

22  standard.  The undersigned will utilize the ordinary summary judgment standard as that standard is

23  \\\\\

24  \\\\\

25

26          [1]  The docket reflects the Commissioner made a motion for summary judgment.  The docket is in error.

2

1    more favorable to plaintiff.[2]

2         Summary judgment is appropriate when it is demonstrated that there exists "no genuine

3    issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

4    Civ. P. 56(c).

5         Under summary judgment practice, the moving party

6        always bears the initial responsibility of informing the district court of the basis
       for its motion, and identifying those portions of "the pleadings, depositions,

7        answers to interrogatories, and admissions on file, together with the affidavits,
       if any," which it believes demonstrate the absence of a genuine issue of

8        material fact.

9    Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P.

10    56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

11    summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions,

12    answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered,

13    after adequate time for discovery and upon motion, against a party who fails to make a showing

14    sufficient to establish the existence of an element essential to that party's case, and on which that party

15    will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof

16    concerning an essential element of the nonmoving party's case necessarily renders all other facts

17    immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever

18    is before the district court demonstrates that the standard for entry of summary judgment, as set forth in

19    Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

20         If the moving party meets its initial responsibility, the burden then shifts to the opposing

21    party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec.

22    Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to

23    establish the existence of this factual dispute, the opposing party may not rely upon the allegations or

24    denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits,

25

26       [2] It is unclear what type of "trial" in this administrative review would be called for if a material issue of fact were to be shown.

and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.

Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11.  The opposing party must

demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit

under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505,

2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a

verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir.

1987).

        In the endeavor to establish the existence of a factual dispute, the opposing party need not

establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the

pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita,

475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

amendments).

        In resolving the summary judgment motion, the court examines the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P.

56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All

reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor

of the opposing party.  See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.  Nevertheless, inferences

are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate

from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224,

1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine

issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to

the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find

for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct.

1 at 1356 (citation omitted).

2  II. <u>ANALYSIS</u>

3   The Social Security Act provides for judicial review of final decisions of the

4 Commissioner of Social Security.  42 U.S.C. § 405(g).  Section 405(g) provides that review of a final

5 decision may be obtained by filing a civil action within sixty days after the notice of such decision is

6 mailed to the party, or within further time as permitted by the Commissioner.  20 C.F.R. § 422.210(c)

7 states in part that a civil action "must be instituted within 60 days after the Appeals Council's notice of

8 denial of request for review of the administrative law judge's decision or notice of the decision by the

9 Appeals Council is received by the individual ...."  This regulation further provides, "the date of receipt

10 of notice of denial of request for review of the administrative law judge's decision or notice of the

11 decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless

12 there is a reasonable showing to the contrary."  <u>Id.</u>; <u>McCall v. Bowen</u>, 832 F.2d 862 (5th Cir.1987).

13 If plaintiff successfully rebuts the presumption of presumed receipt, the burden is then placed upon the

14 Secretary to establish that plaintiff received actual notice.  <u>Fenneken v. Commissioner</u>, 2011 WL

15 4558308, *3 (Sep. 30, 2011) (quoting <u>Matsibekker v. Heckler</u>, 738 F.2d 79, 81 (2d Cir. 1984)).

16   The time limit for filing is not "jurisdictional."  Rather, the limit "constitutes a statute of

17 limitations."  <u>Bowen v. City of New York</u>, 476 U.S. 467, 478, 106 S. Ct. 2022, 2029 (1986); <u>Vernon v.</u>

18 <u>Heckler</u>, 811 F.2d 1274, 1277 (9th Cir. 1987).  However, the time limitation is a condition precedent to

19 the waiver of sovereign immunity, and as such, must be strictly construed.  <u>Bowen</u>, 476 U.S. at 479,

20 106 S. Ct. at 2029.  There are two exceptions to the time limitation.  First, § 405 provides that the

21 Commissioner may allow a claimant additional time to file a civil action contesting a decision.  42

22 U.S.C. § 405(g).  Plaintiff does not contend that the Secretary has granted her such an extension.

23 Second, the limitation can be tolled by traditional equitable tolling or estoppel principles, such as when

24 the cause of action is based on duress or undue influence or when the defendant fraudulently conceals

25 the cause of action, affirmatively misleads plaintiff, or engages in misconduct or deception.  <u>Bowen</u>,

26 476 U.S. at 479; <u>Vernon</u>, 811 F.2d at 1277-78.  Plaintiff does not argue the doctrines of estoppel or

---

equitable tolling apply.

The letter informing plaintiff of the Appeals Council decision in this case is dated February 5, 2011. (Weigel Decl., Ex. 2.) According to the Weigel declaration, the decision was mailed to plaintiff on this date. (Id., ¶ (3)(a)). There is no indication that the letter was sent by certified or otherwise registered mail.[3] Allowing 65 days from its date, the Commissioner presumptively allowed until April 11, 2011, for filing a complaint. Under this time frame, the July 13, 2011, filing of the instant action is presumptively untimely, because it was over three months late.

Plaintiff argues that the presumption of receipt within five days has been rebutted in this case because she did not receive the letter until May 17, 2011, when she visited a field office. Plaintiff has not provided the court with an affidavit; however, her opposition states that she initially went to the SSA office on May 13, 2011 to obtain an update on her case. She states she was told on that date that "they didn't have any more information." (Opp. at 2.) She returned to the office on May 17, 2011, and states she was told: "the reason they didn't find any further[] information was because I was sent a letter that I do not remember rec[ei]ving or sig[]ning any certified letter so I asked for a copy."[4] [Sic]. It was on this date that plaintiff asserts she received the Appeals Council's notice.

Many courts hold that an affidavit by plaintiff indicating she did not receive notice is not adequate to rebut the statutory presumption. See McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987);

---

[3] Certified mail is not required under the regulations. See 20 C.F.R. § 404.979 ("[a] copy of the Appeals Council's decision will be mailed to the parties at their last known address"). Since certified mail requires return of a receipt, quaere why the Secretary would not want to use such a process to keep track of whether its mailings are received.

[4] The complaint, filed July 13, 2011, describes the events slightly differently:

> On May 13, 2011 I went to the Social Security office to get an insight on what was going on due to the fact that I was not rec[ei]ving any updates ther[e] a lady told me that the Appeals Cou[ncil] sent me a letter that I never rec[ei]ved, until I asked for a copy On May 17 2011, they referred me to the United States District Court.

(Compl. at 1.) The complaint is ambiguous in failing to state when plaintiff received a copy of the notice, May 13 or May 17, 2011.

6

1  Pettway v. Barnhart, 233 F.Supp.2d 1354, 1356, n. 3 (S.D. Ala. 2002) (collecting cases); Rouse v.

2  Harris, 482 F.Supp. 766, 768-69 (D.C.N.J. 1980) (defendant was able to produce receipt of notice

3  reflecting plaintiff's mother's signature for receipt of notice letter); Leslie v. Bowen, 695 F.Supp. 504

4  (D. Kan. 1988).  But see McMahan v. Barnhart, 377 F.Supp.2d 534, 536 (W.D. Va. 2005) (assuming

5  plaintiff may rebut presumption of notice).

6          Plaintiff's April 30, 2012 filing contains no declarations or affidavits.  It contains a

7  photocopy of a certified mail receipt issued by the U.S. Postal Service on March 6, 2012.  It reflects a

8  mailing to Benjamin Wagner and Bobbie Montoya (of the United States Attorney's Office), 501 I

9  Street, Suite 10-100, Sacramento, CA 95814-2322.  There is also a photocopy of a receipt from the

10  Yuba City Post Office, dated April 19, 2012, for $5.30.  Also attached to this filing is a letter from the

11  U.S. Postal Service, dated April 19, 2012, addressed to "Postal Customer."  It states that in response to

12  the customer's request dated April 19, 2012, the Post Office was unable to locate any delivery

13  information regarding the customer's item number "7011 1150 0001 3955 0397."  Plaintiff has not

14  only submitted no declaration or statement explaining these attachments, she has submitted no

15  declarations whatsoever.  The face page of the filing states only, "plaintiff copy to suppor case to grant.

16  Pleace excuse my errors Inglish." [Sic.]  (Dkt. no. 17.)

17          The evidence submitted by plaintiff is not admissible and does not assist the court in

18  determining the summary judgment motion.  Without an affidavit indicating that she did not receive

19  actual notice until May 13 or 17, 2011, she has failed to rebut the statutory presumption.  Therefore,

20  based on defendant's unrebutted evidence that the Commissioner sent plaintiff notice on February 5,

21  2011, plaintiff is presumed to have received it five days later.  (Weigel Decl., ¶ (3)(a).)  Therefore, her

22  complaint was untimely because it was not filed by April 11, 2011.  See Wiss v. Weinberger, 415

23  F.Supp. 293, 294 (E.D. Pa. 1976) (one day delay in filing complaint is fatal); Cook v. Comm'r of Soc.

24  Sec., 480 F.3d 432, 437 (6th Cir. 2007) (one day late resulted in dismissal of complaint).

25  \\\\\

26  \\\\\

1        <u>CONCLUSION</u>

2        Accordingly, IT IS ORDERED that: The Clerk shall assign a district judge to this case as

3    plaintiff has not consented pursuant to 28 U.S.C. § 636(c).

4        IT IS HEREBY RECOMMENDED that defendant's motion to dismiss converted into one

5    for summary judgment, filed January 18, 2012, (dkt. no. 10), should be granted.

6        These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after

8    being served with these findings and recommendations, any party may file written objections with the

9    court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

10   Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within

11   seven days after service of the objections.  The parties are advised that failure to file objections within

12   the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

13   1153 (9th Cir. 1991).

14   Dated: September 24, 2012

15
                                    /s/ Gregory G. Hollows
16                              UNITED STATES MAGISTRATE JUDGE

17   GGH:076/Orozco1836.msj.wpd

18

19

20

21

22

23

24

25

26